# EXHIBIT 1

CAUSE NUMBER DC 13 - 01632

| | | |
|---|---|---|
| AHMED YOUSSEF<br>Plaintiff | § § § | IN THE 101st |
| v. | § § | JUDICIAL DISTRICT COURT |
| FREDDIE JACKSON<br>Defendant | § § § | DALLAS COUNTY, TEXAS |

## FINAL JUDGMENT

On the 10th day of May 2013, the Court considered Plaintiff's Motion for Summary Judgment. After considering the pleadings, the motion, affidavits and other evidence on file, the Court hereby GRANTS the motion and issues the following Declaratory and Summary relief.

*The Court finds that* Defendant Freddie Jackson has filed an Answer in this cause subject to a Special Appearance. The Court takes judicial notice of its Order Overruling Defendant's Special Appearance, and finds that the Court has jurisdiction over the parties and subject matter in this cause.

*The Court finds that* all requisite notices were duly served on defendant.

## DECLARATORY RELIEF

The Court considers the summary judgment evidence and makes the following findings of fact and conclusions of law in support of Declaratory Judgment.

*The Court finds that* Defendant Freddie Jackson sent a letter dated February 4, 2013 to Plaintiff Ahmed Youssef demanding that: (1) Plaintiff cease the use of a certain mark because Defendant Freddie Jackson registered a mark with the U.S. Patent & Trademark Office, and that Plaintiff's use of Plaintiff's mark was likely to confuse consumers as to the source of goods bearing the two marks. Plaintiff asserts prior use over Defendant's use of the mark. (2) Further, Defendant Freddie Jackson's letter demands that Plaintiff stop using the term "Triple D" in association with Plaintiff's business "Triple D Gear," as Defendant claims the ownership of that term by calling his business "Triple D Clothing Co." Plaintiff asserts that Defendant does not own the term "Triple D," and that Plaintiff has every right to use the term in connection with Plaintiff's

business. The Court hereby resolves all issues between the parties and declares the common law rights to: (1) the marks at issue; and (2) the parties' rights to the use of the term "Triple D."

1. PRIOR USE

*Conclusion of Law* – When there are two (2) competing marks with a substantial controversy as to the priority of use and rights, the matter is proper for declaratory judgment. *Hot-Hed, Inc. v. Safehouse Habitats, Ltd.*, 333 SW3d 719 (Tex. App. Houston [1st Dist] 2010 reh'g denied), Tex.Prac.Rem.Code §37.003-004.

*Conclusion of Law* – Trademark rights are determined by use, not registration. *Union National Bank of Texas Laredo v. Union National Bank of Texas Austin*, 909 F2d 839 (5th Cir. 1990).

*Conclusion of Law* – A registered trademark is nothing more than constructive notice of a claim of ownership. Once evidence contradicting the rebuttable presumption of ownership has been offered, the presumption is extinguished and shall not be weighed or treated as evidence, and the presumption has no effect on the burden of persuasion. *Hot-Hed, Inc. v. Safehouse Habitats, Ltd.*, 333 SW3d 719 (Tex. App. Houston [1st Dist] 2010 reh'g denied).

*The Court finds that* Plaintiff Ahmed Youssef has continuously, since at least early 2007, prominently placed Plaintiff's *Leaning Star Triple D* mark on hats/ caps, t-shirts, jerseys, jackets, shorts and/ or various athletic uniforms (hereinafter "Plaintiff's goods") and sold or transported such goods in commerce. Plaintiff's *Leaning Star Triple D* mark is shown on hats/ caps below as Figure 1.



Figure 1

The Court finds that Defendant Freddie Jackson claims ownership of a mark which Defendant calls his *Stylized D* mark, which he registered with the U.S. Patent & Trademark Office. Defendant's claimed Stylized D mark is shown below as Figure 2.



Figure 2

*The Court finds that* since at least early 2007, Plaintiff Ahmed Youssef has used his *Leaning Star Triple D* mark in commerce and in connection with the sale of his goods throughout the United States and internationally. These territories include Texas, Louisiana, Mississippi, Georgia, Oklahoma Arkansas, Ohio, New York, New Jersey and California, Australia and a military base in Iraq.

*The Court finds that* Plaintiff Ahmed Youssef has for years advertised in various means, including printed fliers, store displays in major shopping malls in the Dallas/ Fort Worth area, internet sales, social media, and use of a promo-van wrapped with the Leaning Star Triple D mark.

*The Court finds that* Defendant Freddie Jackson, as stated in his affidavit supporting Special Appearance, has not maintained any business in the state of Texas since at least 2007, and that would include his business "Triple D Clothing Co."

*The Court finds that* Defendant Freddie Jackson's website www.tripledclothingco.com was inactive as of April 12, 2013.

The Court finds that the strength of Plaintiff's Leaning Star Triple D mark in the mind of the consumer is stronger than the strength of Defendant's claimed Stylized D mark.

*The Court finds that* as between the two competing marks of Plaintiff and Defendant, Plaintiff Ahmed Youssef has established over Defendant Freddie Jackson, the common law trademark prior use in commerce of his *Leaning Star Triple D* mark for the

territories of Texas, Louisiana, Mississippi, Georgia, Oklahoma Arkansas, Ohio, New York, New Jersey and California, Australia and Iraq.

IT IS HEREBY ORDERED, ADJUDGED, DECLARED and DECREED that Plaintiff Ahmed Youssef is awarded all common law rights of ownership of Plaintiff's *Leaning Star Triple D mark*, and a judicial determination of prior use of his Leaning Star Triple D mark as it relates to any dispute between Plaintiff Ahmed Youssef's *Leaning Star Triple D* mark and Defendant Freddie Jackson's *Stylized D* mark.

## USE OF THE TERM "TRIPLE D"

The Court grants Plaintiff Ahmed Youssef's Declaratory Judgment declaring Plaintiff's right to use the term "Triple D," and makes the following findings of fact and conclusions of law:

*The Court finds that* Defendant Freddie Jackson's claimed *Stylized D* mark is, (with the exception of substituting the standard Texas star in place of the leaves) a replica of the well known official logo for the municipality City of Dallas, containing the triple "D" which has been used extensively by the City of Dallas municipality for decades.

*The Court finds that* the Dallas County Clerk Records reflect over 100 Dallas business listings as "Triple D" dating back to as early as 1966.

*The Court finds that* the term "Triple D" is a well recognized nickname for the City of Dallas, Texas.

Conclusion of Law – The term "Triple D" is geographically descriptive of the locale City of Dallas, Texas, and therefore, does not belong to Defendant Freddie Jackson. Because the primary significance to consumers of a geographic term is the place itself, a geographically descriptive mark can not serve to identify or distinguish the particular source of a good or service. *Horsehoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Co.,* 53 SW3d 799 (Tex.App. Austin – 2001, reh'g overruled, review denied).

IT IS ORDERED, ADJUDGED, DECLARED and DECREED that Defendant Freddie Jackson has no right to interfere with Plaintiff's right to use the term "Triple D" in Plaintiff's business dealings, including the use of Plaintiff's business name, "Triple D Gear."

## TORTIOUS INTERFERENCE WITH BUSINESS CONTRACTS/ RELATIONSHIPS

After considering the summary judgment evidence in this matter, Plaintiff's motion for summary judgment on the claim of tortious interference with business contracts/ relationships is hereby GRANTED.

**IT IS HEREBY ORDERED, AJUDGED and DECREED** that Plaintiff Ahmed Youssef recover from Defendant Freddie Jackson the sum of twelve thousand five hundred dollars ($12,500.00), plus interest on that sum of five per cent (5%) per annum until such time as the amount is paid.

All writs and processes for the enforcement and collection of this Judgment and the costs of court may issue as necessary.

All relief not expressly granted herein is denied.

SIGNED this 22nd day of May, 2013.

_____
HONORABLE JUDGE PRESIDING

APPROVED AND ENTRY REQUESTED:

_____
David A. Small
LAW OFFICE OF DAVID A. SMALL
Texas State Bar Number 00784987
501 Elm Street, Suite 385
Dallas, Texas 75202
PHONE (214) 965-9400
FACSIMILE (214) 752-7798
**ATTORNEY FOR PLAINTIFF
AHMED YOUSSEF**