UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | |
|---|---|
| TRIPLE D GEAR, LLC,  §<br>    *Plaintiff,*  §<br>  §<br>v.  §<br>  §<br>SOUTHERN METHODIST  §<br>UNIVERSITY  §<br>    *Defendant & Counterclaimant.*  § | Case No. 3:23-cv-02396-L |

### JOINT STATUS REPORT and DISCOVERY CONTROL PLAN

Pursuant to this Court's Orders [Doc Nos. 16 and 26] and Fed. R. Civ. P. 16, the parties in the instant case herein provide their Joint Status Report as follows:

Warren Norred of Norred Law, PLLC, for the Plaintiff and Carl E. Bruce, FISH & RICHARDSON P.C., for the Defendant appeared and participated in a Zoom Scheduling Conference on June 21, 2024. This meeting supplemented an earlier teleconference with previous counsel for Plaintiff, Casey Griffith with Carl E. Bruce, for Defendant.

**1.  A brief statement of the nature of the case and contentions of the parties:**

Summarizing, Plaintiff asserts that Defendant has infringed its trademark rights in violation of the Lanham Act, 15 U.S.C. § 1114. Plaintiff brings suit for Defendant's unlawful acts which continue to cause irreparable damage, loss, and injury to Plaintiff, for which it has no adequate remedy at law.

Defendant denies the allegations and characterizations in Plaintiff's Complaint and alleges the following affirmative defenses: Equitable Defenses (acquiescence, estoppel, waiver, and unclean hands), Laches, Jus Tertii, No Incontestability, Descriptiveness, and Fair Use. In addition, Defendant asserts counterclaims for cancellation of Plaintiff's trademark Reg. Nos. 4586688, 6141994, and 7177134.

The parties agree that this case is related to *City of Dallas v. Triple D Gear, LLC* 3:23-cv-02367 K. The outcome in that case may affect this case. Therefore, it will be more efficient for the parties and this Court to get the benefit of discovery, summary judgment rulings, and any final judgment before expending such resources in this matter.

**2.  Any challenge to jurisdiction or venue:**

None.

**3.  Any pending or contemplated motions and proposed time limits for motions:**

None.

4. **Any matters which require a conference with the court:**

   None at this time. The parties will file an agreed motion to stay this case pending the City of Dallas case within 30 days hereof.

5. **Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings:**

   The parties are unaware of additional potential parties at this time.

6. **(a) An estimate of the time needed for discovery, with reasons, (b) a specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery:**

   For Plaintiff:
   (a) Plaintiff estimates that it needs five months to complete discovery after the *City of Dallas* case is completed.
   (b) Plaintiff seeks to send written discovery requests and depose SMU agents that authorized the display and sale of Plaintiff's mark. Plaintiff seeks to find out the individual SMU agents that have authorized the infringing marks for sale. Plaintiff seeks to discover the quantity and extent of infringing marks and related information, such as SMU's financial information regarding the sale of the infringing marks. Plaintiff seeks to find any other connected entities that have contributed to the infringement.
   (c) n/a

   For Defendant:
   (a) Defendant contends that discovery in this case should be scheduled to begin and conclude after the final decision in the co-pending case *City of Dallas v. Triple D Gear, LLC* 3:23-cv-02367 K. That case is set for trial before Judge Kinkeade on that Court's three-week docket beginning May 5, 2025. Should there be a need for this case to continue, Defendant believes that it will need 5 months of discovery at that point putting the close of discovery at October 2025.
   (b) Defendant expects to seek discovery commensurate with its defenses and counterclaims, including but not limited to issuing discovery requests and deposition notices to Plaintiff and third parties with relevant information of facts and circumstances related to the City of Dallas's prior use.
   (c) Because it is expected that the parties will seek and produce confidential information, Defendant believes that a Protective Order should be entered controlling the treatment of such information and proposes that the parties negotiate and submit a proposed Protective Order within 30 days after this case resumes, assuming that this case is abated during the *City of Dallas* case. For disclosure or discovery of electronically stored information (ESI), Defendant proposes that the disclosure or discovery of ESI be governed by an ESI Order with at least limits on the number of email custodians and search terms to be used for searching emails as well as the form in which ESI should be produced. Defendant proposes that the parties negotiate and submit the proposed ESI Order within the 30 days after this case resumes, assuming that this case is abated during the *City of Dallas* case. Defendant proposes that the

parties be limited to 30 Requests for Admissions, other than authentication requests which shall be unlimited.

Defendant otherwise proposes that the limits for each other type of discovery be those set forth in the Federal Rules of Civil Procedure.

7. **A statement that counsel have read the Dondi decisions, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002:**

The parties' counsel have read the Dondi decisions, 121 F.R.D. 284 (N.D. Texas 1988), and have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

8. **Requested trial date, estimated length of trial, and whether a jury has been demanded:**

Both parties have requested a jury trial. The parties agree that trial in mid-2025 is reasonable (assuming the case is not stayed), and estimates the length up to 15 hrs per side. If the case is stayed, then the parties agree that they would be ready for trial within eight-twelve months after the *City of Dallas* case is completed and proceedings in this case resume. The parties agree to prepare and file a draft Scheduling Order within 30 days after this case resumes, assuming that this case is stayed during the *City of Dallas* case.

9. **Whether the parties will consent to trial before United States Magistrate Judge Renée Harris Toliver per 28 U.S.C. § 636(c):**

Neither party consents to trial before the Magistrate Judge.

10. **Prospects for settlement, and status of any settlement negotiations:**

The parties have not materially discussed settlement, as the outcome of the City of Dallas case will substantially impact that discussion.

11. **Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective:**

Plaintiff does not agree to mediation or other alternative dispute resolution at this time. Plaintiff may consider mediation or alternative dispute resolution after substantial discovery has been made.

Defendant is amenable to trying to resolve this matter, including via mediation or other alternative dispute resolution mechanism at any time. Defendant believes that early mediation could help the parties begin engaging in the settlement process.

**12. Any other matters relevant to the status and disposition of this case:**

FRCP26(f)(3): Discovery Plan.

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

The parties have exchanged their initial disclosures..

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

Plaintiff anticipates conducting written discovery regarding the extent of the infringement, as well as the actors involved and their intent - Plaintiff seeks to depose the main individuals involved. Plaintiff believes that written discovery should be exchanged first and then depositions. Plaintiff believes that written discovery should be exchanged and answered by October 31, 2024, assuming that the case is not stayed.

Defendant expects to seek discovery commensurate with its defenses and counterclaims, including but not limited to issuing discovery requests and deposition notices to Plaintiff and third parties with relevant information of facts and circumstances related to the City of Dallas's prior use. Other than as noted above, Defendant believes that discovery should be conducted in accordance with the Federal Rules of Civil Procedure with a fact discovery to begin after the final judgment in *City of Dallas v. Triple D Gear, LLC* 3:23-cv-02367 K with the discovery deadline 5 months thereafter.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

Plaintiff:  Plaintiff agrees with Defendant on this issue.

Defendant:  As mentioned, Defendant proposes that the disclosure or discovery of ESI be governed by an ESI Order with at least limits on the number of email custodians and search terms to be used for searching emails as well as the form in which ESI should be produced. Defendant proposes that the parties negotiate and submit the proposed ESI Order within the next 30 days.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

Plaintiff:  Plaintiff agrees with Defendant on this issue.

Defendant:  As mentioned, because it is expected that the parties will seek and produce confidential information, Defendant believes that a Protective Order should be entered

controlling the treatment of such information and proposes that the parties negotiate and submit a proposed Protective Order within the next 30 days.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

Proposed limits or modifications set forth in section 6 above.

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

Plaintiff: Agrees with Defendant on this issue.

Defendant: Scheduling Order, Protective Order and ESI Order – to be negotiated and submitted within 30 days.

Respectfully submitted,

| | |
|---|---|
| /s/Warren V. Norred | /s/Thomas H. Reger II |
| Warren V. Norred | Thomas H. Reger II |
| State Bar No. 24045094 | Texas Bar No. 24032992 |
| NORRED LAW, PLLC | FISH & RICHARDSON P.C. |
| 515 E. Border Street | 1717 Main Street, Suite 5000 |
| Arlington, Texas 76010 | Dallas, Texas 75201 |
| warren@norredlaw.com | reger@fr.com |
| P: 817-704-3984 | P: 214-747-5070 |
| F: 817-524-6686 | F: 214-747-2091 |

**CERTIFICATE OF SERVICE:** I hereby certify that on June 21, 2024, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Warren V. Norred
Warren V. Norred